2024 IL App (1st) 232378-U

No. 1-23-2378

Order filed September 30, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| HASSAN A. MUHAMMAD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2020 L 2535 |
| | ) | |
| WINTER PARHAM and CAROLYN RANDLE, | ) | Honorable |
| | ) | Jim Ryan, |
| Defendants-Appellees. | ) | Judge, presiding. |

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices McBride and Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Judgment entered on a jury verdict in favor of defendants is affirmed where plaintiff failed to provide a complete record on appeal.

¶ 2    Plaintiff Hassan A. Muhammad sued defendants Winter Parham and Carolyn Randle for wrongful eviction and, in the alternative, constructive eviction. The jury found in favor of Parham and Randle. Muhammad appeals *pro se*, arguing that several of the trial court's evidentiary rulings were in error, which prevented the jury from reaching a proper verdict. Because Muhammad has

failed to submit a sufficient record on appeal for this court to review the issues presented, we affirm.

¶ 3    The record on appeal consists of one volume of the common law record and lacks a report of proceedings or any acceptable substitute. The following background is derived from the common law record.

¶ 4    On March 4, 2020, Muhammad filed *pro se* a complaint, alleging wrongful eviction and, in the alternative, constructive eviction against Parham and Randle. Muhammad alleged that Parham instructed Randle to change the locks to his apartment on the 100 block of South Waller, preventing him from entering his home, effectively evicting him. After Randle and Parham failed to answer the complaint, Muhammad moved for a default judgement. On September 3, 2020, the court entered a default judgment against Randle and Parham.

¶ 5    On September 25, 2020, Parham and Randle filed motions to vacate the default judgment. The trial court vacated the default judgment and allowed Parham and Randle to answer the complaint. In their answer, Parham and Randle denied that Muhammad resided at the premises, and that he was locked out.

¶ 6    Before trial, Muhammad filed a motion *in limine* to bar, among other things, the testimony of Parham and Randle as to who resided at the premises as hearsay. The court reserved its ruling on the motion.

¶ 7    On November 20, 2023, the matter proceeded to a six-person jury trial. Muhammad appeared *pro se*, and Parham and Randle appeared with counsel. The parties filed proposed jury instructions, which included a proposed question for the verdict form of whether Muhammad proved "he had residence at the premises" and the instruction that, if it found he did not, it should

complete the verdict form finding for defendants. Following trial, the jury found in favor of Parham and Randle and that Muhammad did not prove he had residence at the premises. The court entered judgment in favor of Parham and Randle and against Muhammad. Muhammad timely appealed.

¶ 8 On its own motion, this court entered an order taking the appeal on the record and Muhammad's brief only where no appellee brief was filed within the time-period prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1, 2008). See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (case may be taken on appellant's brief only where the issues are simple and can be decided without additional briefing).

¶ 9 On appeal, Muhammad contends that the trial court erred in its rulings on numerous evidentiary and trial issues, including allowing and denying certain testimony at trial. He also contends that the trial court erred in denying his oral motion to find that Parham and Randle had no authority to change the locks. Muhammad argues that the trial court's rulings prevented the jury from "obtaining a complete and proper hearing of the facts and the law," which denied him a fair trial. But the record Muhammad tendered for our review is insufficient to determine whether the trial court's rulings on evidentiary and trial issues were proper and whether the evidence the jury heard supports its verdict.

¶ 10 Muhammad, as appellant, bears the burden of presenting a "sufficiently complete record of the proceedings at trial to support a claim of error" so that this court may evaluate that alleged error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984) ("From the very nature of an appeal it is evident that the court must have before it the record to review in order to determine whether there

was the error claimed by the appellant."). Any doubts that may arise due to the incompleteness of the record are resolved against Muhammad. *Id.* at 392.

¶ 11    Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021) states that the record on appeal shall include the "entire original common law record" and "any report of proceedings prepared in accordance with Rule 323."

¶ 12    Here, there is no transcript of the jury trial, or an acceptable substitute such as a bystander's report or agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. Oct. 1, 2021). Without a report of proceeding or an acceptable substitute, this court has no knowledge of the arguments, if any, presented to the trial court regarding the admission or exclusion of evidence offered at trial and as to other evidentiary and trial issues. We also have no knowledge of what, if any, testimony, exhibits, and arguments were presented to the jury as the basis for its finding that Muhammad did not reside at the premises. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). Thus, the record is insufficient for our review of the merits of Muhammad's appeal. In the absence of a sufficient record, we must presume that the jury heard adequate evidence to support its decision and the trial court's evidentiary rulings were legally sound. *See Webster*, 195 Ill. 2d at 433-34; *Foutch*, 99 Ill. 2d at 392.

¶ 13    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 14    Affirmed.